UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LA QUAN PHILLIPS, | Case No.: 2:10-cv-02068-GMN-PAL |
| Plaintiff, | **ORDER** |
| vs. | |
| CLARK COUNTY SCHOOL DISTRICT; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; DOE EMPLOYEES 1 THROUGH 20; DOES 1 THROUGH 20; ROE ENTITEIS 1 THROUGH 20; AND ROE COROPRATIONS 1 THROUGH 20, | |
| Defendants. | |

## INTRODUCTION

Before the Court is Plaintiff La Quan Phillips Motion to Remand (ECF No. 11). Defendant Clark County School District filed a Response (ECF No. 15) as did Defendant National Union Fire Insurance Company of Pittsburgh, PA (ECF No. 16). Plaintiff filed two Replies (ECF No. 17& 19).

Also before the Court, is Defendant Clark County School District's Motion to Dismiss (ECF No. 4). Plaintiff filed a Response (ECF No. 10) and Clark County School District filed a Reply (ECF No. 12).

## FACTS AND BACKGROUND

The instant case arose when Plaintiff, La Quan Phillips very tragically sustained a severe injury to his spine during a high school football game and was subsequently denied coverage by Defendant, National Union Fire Insurance Company of Pittsburg, PA (hereinafter "National Union"). National Union contracted with Defendant Clark County School District (hereinafter "CCSD") for a disability insurance policy to provide

coverage for its student athletes who sustain catastrophic injuries during interscholastic activities. National Union denied Plaintiff coverage because the injuries that he sustained did not meet the policy's definitions of "disability" and "paralysis."

Plaintiff originally brought suit in the Eighth Judicial District Court, State of Nevada against National Union for denying his full claim. However, Plaintiff also brought suit against CCSD alleging that the school district did not exercise reasonable care when they purchased the disability insurance policy. Defendant National Union subsequently filed a petition for removal to this court. Defendant National Union claims that Plaintiff has fraudulently joined CCSD in order to destroy diversity of citizenship subject matter jurisdiction in the federal court.

## DISCUSSION

**A.     Legal Standard**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). District courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A civil action brought in state court may be removed by the defendants to a federal district court when the federal court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a).

Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") removed this action to federal court based on diversity of citizenship. Both Plaintiff and Defendant CCSD are citizens of Nevada for diversity purposes thereby precluding diversity jurisdiction. Accordingly, National Union and CCSD argue that CCSD was fraudulently joined such that its citizenship should be disregarded.

Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. UpJohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998); *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "'Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.'" *Id.* (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566.

"[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey*, 139 F.3d at 1318. There are two ways to establish fraudulent joinder: (1) the defendant may facially attack plaintiff's complaint by showing the inability of the plaintiff to establish a cause of action against the non-diverse defendant based on the plaintiff's allegations or (2) the defendant may attempt to disprove jurisdictional facts alleged in the plaintiff's pleadings. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citing *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)); *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 995 (D. Nev. 2005).

In this case, Defendants argue that Plaintiff has failed to state a claim against Defendant CCSD. Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action when the plaintiff fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, (2007). In considering whether the complaint is sufficient to state a claim, a court takes all material allegations as true and construes them in the

light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986).

Plaintiff alleges five causes of action against both Defendants: (1) breach of contract (2) violation of Nevada's unfair claims practices act; (3) breach of the covenant of good faith and fair dealing; (4) negligence; and (5) unconscionablity.

Defendants argue that the first two causes of action fail to state a claim against CCSD: there are no factual allegations that CCSD ever breached a contract and because CCSD cannot violate Nevada's Unfair Claims Practices Act because it is not an insurer or a broker of insurance. Plaintiff only argues that CCSD was a middle man between National Union and La Quan and that CCSD violated the Nevada's Unfair Claims Practices Act because CCSD did not inform La Quan of the insurance policy promptly.

In the third cause of action, Plaintiff alleges that "Defendant" denied Plaintiff insurance benefits and that such constitutes a breach of the covenant of good faith and fair dealing. Thus, Defendants reason that the third cause of action cannot be construed to allege any wrongdoing by CCSD because they did not deny insurance benefits to Plaintiff. Plaintiff does not respond directly to CCSD's arguments concerning these three causes of action. The Court finds that Plaintiff has failed to state a claim against CCSD for these three causes of action for the reasons stated by Defendants and therefore dismisses them with respect to CCSD.

Plaintiff's fourth cause of action alleges that Defendants were negligent. Defendant CCSD argues that it cannot be negligent in purchasing the insurance policy because it had no duty to purchase an insurance policy. The fifth cause of action for unconscionability also arises out of Defendant CCSD's alleged duty to purchase an insurance policy for its student. The court will now examine whether or not Plaintiff has stated a claim for negligence and unconscionablity against CCSD.

**1.      Negligence**

In Nevada, a claim for negligence requires that a plaintiff satisfy four elements: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages. *Wiley v. Redd*, 885 P.2d 592, 596 (Nev. 1994). Under the facts alleged in this case, the issue is whether or not a school owes a duty of care to a student to purchase an insurance policy to cover catastrophic events.

This is an issue of first impression, as no court in Nevada has had occasion to issue an opinion in a case that involved the facts of the present case. Where a state has not addressed a particular issue, a federal court must attempt to predict how the highest state court would decide the issue using decisions from other jurisdictions, statutes, and restatements as guidance. *Strother v. S. Cal. Permanete Med. Group*, 79 F.3d 859, 865 (9th Cir. 1996); *See Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., Inc.*, 306 F.3d 806, 812 (9th Cir. 2002).

Plaintiff argues that the Ninth Circuit has held that a school district is responsible and has a duty to exercise reasonable care when it comes to protecting the student while they are on school grounds so long as the injury or harm is foreseeable. *Van Ort v. Estate of Stanewich*, 92 F.3d 831 (9th Cir. 1996). He asserts that "[t]he foreseeability of harm is a predicate to establishing the element of duty." *Drakis v. Scheffer*, 111 Nev. 817, 820 (Nev. 1995). Plaintiff argues that by purchasing the subject insurance policy to insure its students in the event of catastrophic injury, it was foreseeable to CCSD that such injuries may happen. Plaintiff also asserts that it was foreseeable to CCSD that entering into a vague and ambiguous insurance policy could have "disastrous consequences for its student athletes." However, Plaintiff admits that he was unaware that the insurance policy in question existed. (*See* Motion to Remand 5:14-15, ECF No. 11.)

Defendants argue that a public school has no duty to purchase insurance for its students to protect them against any injuries. This assertion is confirmed by the inability of every party to identify any Nevada statute or common law that imposes such a duty, and therefore this Court is unable to find that a school owes a duty to its student athletes to purchase an insurance policy.

Defendants also argue that this Court should adopt the same reasoning of the Supreme Court of Kansas when it rejected the proposition that once a school exercises its discretion to purchase insurance, it becomes obligated to purchase insurance coverage that the beneficiary believes is "adequate" to his or her personal needs. In *Wicina v. Strecker*, 747 P.2d 167 (Kan. 1987), a private high school purchased medical insurance coverage for its students. When a student was injured during a football game rendering him permanently quadriplegic, the *Wicina* court concluded that there was no statutory, contractual or common law duty to provide insurance or to inform the plaintiff regarding the medical insurance which it purchased. While a school, in its discretion, could purchase insurance, the specific Kansas statute in question in *Wicina* was found to not place a duty on a public school to purchase insurance.

Plaintiff distinguishes *Wicina* on the grounds that the school in that case was a private school and because the school had only purchased a medical insurance policy not coverage for disability. These distinguishing facts, however, do not change the public policy reasoning behind the *Wicina* court's decision. That court reasoned that public policy considerations forbid the court from imposing upon a private school a greater duty than that imposed on the public schools. The court explained that if private schools could be held liable for insufficient coverage, then

> private schools that refuse to purchase any type of medical insurance would owe no duty to an injured or disabled student and would not be subject to liability. Private schools purchasing insurance would face the prospect of

>actions when the insurance coverage was not broad enough or the amount of coverage was not sufficient to compensate the injured student. Private schools would be forced to take the safe course and would simply refuse to purchase any insurance for their students.

*Id.* at 173.

Likewise, in light of the fact that there is no statutory requirement that schools purchase insurance for its students, if this Court were to find a common law duty to purchase "adequate" insurance to compensate an injured student, schools could choose the safe course and simply refuse to purchase any insurance to cover their students.

Although distinguishable, the facts of *Wicina* are sufficiently similar to justify applying the same reasoning in this case. "[CCSD's] failure to purchase [adequate] disability insurance did not increase the risk of the plaintiff being injured while playing football nor did plaintiff rely upon the [Defendant's] promise to purchase disability insurance when he decided to play football." *Wicina*, 747 P.2d at 172-73.

Plaintiff's would like this court to take a logical leap from the affirmative duty imposed on the school by the Ninth Circuit's decision in the *Van Ort* case requiring schools to protect students from negligent acts of third parties, to include an affirmative duty to procure adequate insurance policies. 92 F.3d 831.  Legislators have not required public schools to purchase insurance coverage and this court finds that it would be against public policy to punish schools that choose to purchase insurance coverage for their student athletes by holding them to a higher standard of liability than schools which choose not to purchase insurance.  This court has not found any common-law, statutory, or contractual duty which requires a school to take additional reasonable steps to purchase an unambiguous insurance policy when a school exercises its discretion and decides to purchase insurance to cover its student athletes.  Under the facts of this case, the parties have failed to present any reason why this court should impose such a duty and declines to do so.

Plaintiff also attempts to establish that a school has a duty to inform its students of any insurance policies it does obtain. However, Plaintiff again fails to cite to any statute or common law that imposes such a duty on a school.

In conjunction with this argument Plaintiff argues that CCSD is an indispensible party under Fed. R. Civ. P. 19. The Court does not find that CCSD is an "indispensable" party. Under Rule 19, "indispensible" refers to a party whose participation is so important to the resolution of the case that, if not joined, the suit must be dismissed. *See Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 867, fn. 5 (9th Cir. 2004). Plaintiff, as a third party beneficiary to the insurance contract, has a direct action against National Union, as promisor in contract. *Hemphill v. Hanson*, 366 P.2d 92, 94 n. 1 (Nev. 1961). Plaintiff's claims against National Union are viable without the presence of CCSD in this suit and Plaintiff can be afforded adequate relief from National Union.

Accordingly, Plaintiff has failed to state a claim of negligence against Defendant CCSD and the fourth cause of action is dismissed.

### 2. Unconscionability

Plaintiff's fifth claim for relief is confusing and contradictory. The Complaint states:

> Defendant, knowing that the intended and expected beneficiaries of the aforementioned policy of insurance would be afforded no foreknowledge of its extent, coverages, exclusions, deductibles, definitions or terms, and would further have no bargaining power relative to same, nonetheless defined terms therein in impermissible and unconscionably narrow and restrictive ways, resulting in premiums being paid for insurance which would pay no benefit for injuries reasonably understood to be paralyzing or "catastrophic," thereby creating an illusion of coverage where none existed.

(Complaint, Ex.A, ECF No. 1-1.) Plaintiff argues that he did not know of the insurance policy in question. (*See* Motion to Remand, 10:23-26, ECF No. 11.) Yet, he alleges that

there was an illusion of coverage where none actually existed.  There is no evidence that Plaintiff's decision to play football was influenced by the existence or terms of the insurance policy.  Therefore, Plaintiff has failed to state a claim for unconscionablity.

**B.     Analysis**

The Court finds that Defendant CCSD has been fraudulently joined and therefore CCSD's citizenship should be ignored for removal purposes.  Plaintiff is a citizen of Nevada and Defendant National Union is incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the State of New York, and is thus a citizen of both Pennsylvania and New York.  Plaintiff has alleged an amount in controversy in excess of $75,000 because Plaintiff has made a claim against the policy limit of $2,500,000.  Defendant National Union was served with the complaint on October 26, 2010 and filed their Notice of Removal on November 24, 2010.  Thus, the removal was timely under 28 U.S.C. § 1446(b).  Accordingly, there is diversity of citizenship and this case was properly removed to federal district court.

Furthermore, for the reasons given *supra*, Plaintiff has failed to state a claim for relief against Defendant CCSD.  Accordingly, the Court dismisses the complaint against CCSD pursuant to Fed. R. Civ. P. 12(b)(6).

/
/
/
/
/
/
/
/

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff La Quan Phillips Motion to Remand (ECF No. 11) is DENIED.

IT IS FURTHER ORDERED that Defendant Clark County School District's Motion to Dismiss (ECF No. 4) is GRANTED.  Defendant Clark County School District is DISMISSED from this action.

DATED this   13   day of   September  , 2011.

_____
Gloria M. Navarro
United States District Judge